IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6096-CIV-GOLD/SIMONTON

ROCK SOUND COMMUNICATIONS
CORP.,

      Plaintiff,

v.

ATLAS COMMUNICATIONS, LTD.,

      Defendant.

## EMERGENCY MOTION AND ATTACHED AFFIDAVIT REQUESTING INCREASE OF TRO BOND, AND TO DISMISS FOR LACK OF JURISDICTION

Defendant, ATLAS COMMUNICATIONS, LTD., by and through its undersigned counsel's Emergency Special Appearance, hereby requests that the Court increase the bond of this morning's Order Granting Emergency Motion for Temporary Restraining Order ("TRO"), and requests that the case be dismissed for lack of jurisdiction.[1]

1.    The attached affidavit establishes that the bond set by the Court in this morning's TRO of $10,000.00 is wholly inadequate. A bond necessary to protect the

---

[1] The reference to jurisdiction in this initial pleading is simply to preserve the Defendant's jurisdictional defenses. Undersigned counsel knows very little about this case, but believes that there may be personal jurisdiction issues. By making this special appearance to deal with this emergency matter, the Defendant in no manner intends to waive its right to contest personal jurisdiction.

NON-COMPLIANCE OF S.D. fla. L.R. 7.1A4



Defendant from harm over the next seven days pending a preliminary injunction hearing should be millions of dollars. Indeed, this matter cannot wait even a day, as the Defendant's damages will far exceed the amount of the bond. The Defendant will permit the affidavit to speak for itself.

2.   Furthermore, it appears that the Plaintiff is involved in deception and trickery. As demonstrated by the attached Affidavit, the Plaintiff was assuring Defendant of immediate payment of $700,000.00 *this morning*, while in fact it was sneakily obtaining the TRO.

WHEREFORE, it is hereby requested on an emergency basis that the Court dramatically increase the bond to support the TRO, that Defendant be authorized to shut down the Plaintiff's service until Defendant has been promptly notified that the bond has been posted, and granting such other relief as the Court deems appropriate.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP
Attorneys for Defendant
1200 North Federal Highway, Suite 417
Boca Raton, FL 33432
Telephone: (561) 417-8100
Facsimile: (561) 417-8101

By: _____
Howard M. Camerik
Florida Bar No. 703435
Steven A. Lessne
Florida Bar No. 0107514

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and U.S. Mail this 21st day of January, 2000 to: Ronald B. Ravikoff, Esq., Zuckerman, Spaeder, Taylor & Evans LLP, 201 South Biscayne Blvd., Suite 900, Miami, Florida 33131.

_____

# AFFIDAVIT

I, Michael W. Spurlin, being duly sworn according to law, hereby depose, swear, and affirm as follows:

1. I am an adult individual over the age of 21 and I reside at 2138 Jericho Drive, Jamison, PA 18929

2. I am President of Atlas Communications, Ltd. ("Atlas") and am responsible for the day-to-day operations of Atlas.

3. On January 21, 2000, I received an Order entering a Temporary Restraining Order against Atlas, enjoining Atlas from cutting off service to Rock Sound Communications or the account currently being billed to Rock Sound under the name of U.S. Digitel. Importantly, Atlas has no contract, oral or otherwise with Rock Sound. The Temporary Restraining Order remains in effect until January 28, 2000.

4. U.S. Digitel's average daily usage is approximately $110,000 per day. In the event Atlas is forced to comply with this Order, then it is expected to incur costs of approximately $880,000.00. Moreover, U.S. Digitel/Rock Sound may place even more traffic on the Atlas network which could increase Atlas' exposure tenfold ($10,000,000.00).

5. The services sold by U.S. Digitel/Rock Sound are prepaid calling card services. Therefore, U.S. Digitel/Rock Sound has already been paid by its customers for these services. Nevertheless, U.S. Digitel/Rock Sound refuses to pay Atlas for these services.

6. This morning, I received written confirmation from Henry D. Ritter, Executive Vice President of Rock Sound, setting forth that Rock Sound would pay to Atlas the sum of $700,000.00 to go toward the debt of U.S. Digitel on or before the close of business today. A copy of said letter is attached hereto as Exhibit A.

7. Thereafter, I spoke to Allen H. Lipkowitz, a principal at Rock Sound, who confirmed that that commitment has been withdrawn since the Temporary Restraining Order had been entered.

_____
Michael W. Spurlin

Sworn to and subscribed before me this
___21st___ day of __January__, 2000.

_____
Notary Public

> Notarial Seal
> Jack R. Medaris, Notary Public
> Whitpain Twp., Montgomery County
> My Commission Expires Dec. 6, 2003
>
> Member, Pennsylvania Association of Notaries

**Rock Sound Communications Corporation**
**1909 Tyler Street**
**Hollywood, Florida**

**January 21, 2000**

**COMMITMENT OF FINANCIAL UNDERTAKING**

This document memorializes our verbal undertaking and agreement that Rock Sound Communications Corporation and its principal, commit and promise to pay for all communication services provided to it by Atlas Communications, Ltd. We make this commitment based upon our faith in your representations concerning your commitments in working together with us to ameliorate our current temporary problems and your good faith effort concerning rate implementation and invoice details.

Rock Sound Communications Corporation

By: _____
Henry D. Ritter
Executive Vice President

In addition, as you have requested, we acknowledge the receipt of your invoice of approximately $700,000 and we are moving forward and will have the debt resolved today.

Rock Sound Communications Corporation

By: *[signature]*
Henry D. Ritter
Executive Vice President

EXHIBIT A