## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 00-6096-CIV-GOLD/SIMONTON

**ROCK SOUND COMMUNICATIONS CORP.,**

       **Plaintiff,**

**vs.**

**ATLAS COMMUNICATIONS, LTD.,**

       **Defendant.**

_____/



### ORDER GRANTING EMERGENCY MOTION FOR
### TEMPORARY RESTRAINING ORDER

THIS CAUSE is before the court upon *Plaintiff's Emergency Motion for Temporary Restraining Order Without Notice*, filed on January 20, 2000. Plaintiff Rock Sound Communication Corp. ("Rock Sound") seeks to prevent the defendant, Atlas Communications, Ltd. ("Atlas"), from unilaterally terminating service it is providing Rock Sound. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332, based on the diverse citizenship of the parties, as well as Federal Rule of Civil Procedure 65(b).

To be entitled to a temporary restraining order, the movant must show the following factors: (1) a substantial likelihood of success on the merits; (2) a showing of irreparable injury; (3) the threatened injury outweighs the harm the temporary restraining order would inflict; and (4) the temporary restraining order would serve the public interest. *Ingram v. Ault,* 50 F.3d 898, 900 (11th Cir. 1995). Having carefully considered the plaintiff's emergency motion, the accompanying affidavits, the applicable law, and the record as a whole, the court makes the following findings:

1.  Based on the affidavits and pleadings filed by Rock Sound, there is a substantial likelihood of success on the merits for Rock Sound's claims of unfair trade practices, breach of contract, and fraudulent inducement.

2.  There is good cause to believe that there will be irreparable injury to the moving party if this emergency temporary restraining order is not granted.  Based on the affidavit of Alan H. Lipkowitz and the accompanying documents, there is good cause to believe the company, Rock Sound, will be eliminated if service is cut off by Atlas.

3.  There is good cause to believe the threatened injury outweighs the harm the temporary restraining order would inflict.  The harm to the movant would be significant, but there does not appear to be significant harm to Atlas if it continues providing service.

4.  There is good cause to believe the temporary restraining order would serve the public interest.  Based on the affidavits and documents filed by the movant, over 1.3 million members of the general public who have purchased telephone cards provided by Rock Sound would lose service, 75 Rock Sound employees would lose jobs, and over 4,000 distributors would lose business opportunities.

5.  There is good cause to believe that, unless restrained and enjoined by order of this court, defendant Atlas would immediately effectuate the termination of service to Rock Sound.

6.  It is appropriate and the interests of justice require that this temporary restraining order be granted without notice to defendant Atlas as it appears that immediate and irreparable injury, loss,

or damage will result if notice is given.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that *Plaintiff's Emergency Motion for Temporary Restraining Order Without Notice* is GRANTED.  This Temporary Restraining Order goes into effect upon the posting of a bond in the amount of $10,000.  It is further

**ORDERED AND ADJUDGED** that defendant Atlas Communications, Ltd., and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, cutting off service to Rock Sound Communications Corporation or the account currently being billed to Rock Sound Communications Corporation under the name of U.S. Digital, Inc.  It is further

**ORDERED AND ADJUDGED** that this Temporary Restraining Order shall expire at 5:00 p.m. on January 28, 2000, unless, for good cause shown, it is extended or unless the party against whom it is directed consents that it may be extended for a longer period.  It is further

**ORDERED AND ADJUDGED** that a hearing on whether to grant a preliminary injunction shall be held at 4:00 p.m. on January 28, 2000 before the Honorable Alan S. Gold, United States District Judge for the Southern District of Florida, at 301 North Miami Avenue, Miami, Florida, 10th Floor.[1]  Prior to the hearing, the parties shall present all direct testimony of witnesses by affidavit

---

[1] The court recognizes the short time frame allotted between the time the parties must conduct their discovery and file and/or supplement their submissions to the court for consideration and the date of the

-3-

or sworn statement. These affidavits or sworn statements shall be filed with the court prior to 12:30

p.m., January 27, 2000. Examination of witnesses at the hearing shall be limited to cross

examination of the witness testimony submitted by affidavit or sworn statement, giving the opposing

party the opportunity for brief, focused re-direct examination, if warranted. Opening statements

shall be presented in writing and must be filed with the court by 9:30 a.m. on January 28, 2000.

Each counsel shall also file, by 5:00 p.m. on January 25, 2000, a comprehensive memorandum of

law setting forth the legal and factual considerations regarding the appropriate amount of bond,

notwithstanding the amount of bond currently set, to be posted by the plaintiff in the event that the

court grants the relief plaintiff is seeking. Counsel's memoranda shall include citations to, and

discussions of, the relevant case law. All additional briefs, points and authorities, findings of fact,

conclusions of law, or other submissions which the parties believe the court should consider

regarding the issuance of an order on plaintiff's request for preliminary injunction and other relief

shall be filed with the court and delivered to the offices of opposing party and/or their attorneys no

later than 5:00 p.m. on January 25, 2000. It is further

**ORDERED AND ADJUDGED** that this Order is entered to maintain the status quo and is

without prejudice as to the merits, claims, or defenses which have been or may be asserted in future

litigation.

---

hearing. However, the court is compelled to follow this scheduling scheme pursuant to the time limitations
placed upon it by Rule 65(b) of the Federal Rules of Civil Procedure. Upon agreement of the parties, the
court shall grant a continuance of the hearing, provided the relief afforded by the Temporary Restraining
Order remains in effect until the time of the hearing.

Case No.: 00-6096-CIV-GOLD

DONE and ORDERED in Chambers at Miami, Florida, this 2/ day of January, 2000.

*at  10:45 AM*

_____
ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

copies furnished:

U.S. Magistrate Judge Andrea M. Simonton

Ronald B. Ravikoff, Esq.
Attorney for Plaintiff
Zuckerman, Spaeder, Taylor & Evans LLP
201 South Biscayne Boulevard, Ste. 900
Miami, FL 33131
Phone: (305) 579-0110
FAX: (305) 579-9749
**(with directions for immediate service of defendant)**

-5-