UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROCK SOUND COMMUNICATIONS CORP.,

    Plaintiff,

vs.

ATLAS COMMUNICATIONS, LTD.,

    Defendant.
_____/

CASE NO. 00-6096-CIV-GOLD
Magistrate Judge Simonton

**MEMORANDUM OF LAW IN OPPOSITION TO INCREASING
AMOUNT OF BOND NUNC PRO TUNC**

Plaintiff and Movant Rock Sound Communications Corporation ("Rock Sound") respectfully suggests to this Court that it may not increase the amount of the injunction bond at issue *nunc pro tunc*. In support thereof, Rock Sound states as follows:

It is well settled law that a court may not enter an order *nunc pro tunc* to change a prior decision. *See Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420 (S.D.N.Y. 1987).

> '*Nunc pro tunc*' describes the court's inherent power to make its record speak the truth, *i.e.*, to record what was actually done but not recorded . . . . A *nunc pro tunc* entry cannot be used to supply action in the place of nonaction on the part of the court.

652 F. Supp. at 424. A court may only enter an order *nunc pro tunc* to "make the record speak the truth but it cannot supply an order which in fact was not previously made." *Crosby v. Mills*, 413 F. 2d 1273, 1277 (10th Cir. 1969). Essentially, an order entered *nunc pro tunc* literally means

ZUCKERMAN, SPAEDER, TAYLOR & EVANS, LLP

> [N]ow for then. . . . Nunc pro tunc entry is an entry made now of something *actually previously done* to have effect of former date; office being not to supply omitted *action*, but to supply omission in record of action *really had* but omitted through inadvertence or mistake. Nunc pro tunc merely describes inherent power of court to make its records speak the truth, i.e., to record that which is actually but is not recorded.

*Black's Law Dictionary* 964 (5th ed. 1979) (emphasis added).

In the instant case, Rock Sound filed its Memorandum Regarding Appropriate Level of Bond on January 20, 2000, requesting that the Court enter the temporary restraining order with a nominal bond. A true and correct copy of the memorandum is attached hereto as Exhibit "A". Subsequently, on January 21, 2000, the Court entered an order granting an emergency motion for temporary restraining order and requiring that a bond be posted in the amount of $10,000.00. A true and correct copy of this order is attached hereto as Exhibit "B". In accordance with the foregoing case law, this Court should not be able to increase the amount of the bond *nunc pro tunc* as that would, in effect, change this Court's initial decision regarding the amount of the bond.

> Unlike a clerical error, a judicial error cannot be so easily corrected. A judicial error is an error that results from judicial reasoning or determination. Judicial errors include the power to decide a case wrongly. . . . [A] clerical error could easily have been corrected with a nunc pro tunc order. A judicial error could not have been so easily corrected. . . .

*Dye v. Kansas State Supreme Court*, 830 F. Supp. 1379, 1384 (D. Kan. 1993), *reversed on other grounds*, 48 F. 3d 487 (10th Cir. 1995) (internal citations omitted). Consequently, even if this Court believed that it made the wrong decision with regards to the amount of the bond, such an error cannot be corrected by the entry of a *nunc pro tunc* order.

ZUCKERMAN, SPAEDER, TAYLOR & EVANS, LLP

Case No. 00-06096-CIV-GOLD

WHEREFORE, Rock Sound Communications Corporation respectfully requests that the amount of the bond ($10,000.00) remain unchanged.

Respectfully submitted,

Ronald B. Ravikoff, Esquire
Florida Bar No. 0244155
John Arrastia, Jr., Esquire
Florida Bar No. 0072461
Alicia Shick, Esquire
Florida Bar No. 124842
Zuckerman, Spaeder, Taylor & Evans, LLP
201 South Biscayne Boulevard
Suite 900
Miami, Florida 33131
Telephone: (305) 579-0110
Facsimile: (305) 579-9749
Attorneys for Plaintiff Rock Sound

Case No. 00-06096-CIV-GOLD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by facsimile and U.S. Mail this **26th** day of January, 2000 to Howard M. Camerik, Esq., Blank, Rome, Comisky & McCauley, LP, 1200 N. Federal Highway, Suite 417, Boca Raton, Florida 33432.

Respectfully submitted,

Ronald B. Ravikoff, Esquire
Florida Bar No. 0244155

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROCK SOUND COMMUNICATIONS CORP.,

    Plaintiff,

vs.

CASE NO.

ATLAS COMMUNICATIONS, LTD.,

    Defendant.

_____/

### MEMORANDUM REGARDING APPROPRIATE LEVEL OF BOND

Plaintiff and Movant Rock Sound Communications Corporation respectfully suggests to this Court that the appropriate level of the bond in this case should be nominal.

The reasons are as follows:

1. In its thirteen (13) days of existence, Rock Sound Communications Corporation has paid Atlas Communications, Ltd. $1.5 million for services. Rock Sound understands that these bills were applied by Atlas Communications, Ltd. to the obligations of U.S. Digital, but this was done without the consent and agreement of Rock Sound Communications Corporation.

2. As of this date, Rock Sound Communications Corporation has received only one invoice for services doing business as Rock Sound Communications Corporation. The invoice was in the amount of $673,000.00. However, as indicated, Rock Sound Communications Corporation has already paid $1.5 million.

3. In addition, Atlas Communications, Ltd. holds a $230,000 security deposit in the form of cash and certificates of deposit against future obligations of Rock Sound

ZUCKERMAN, SPAEDER, TAYLOR & EVANS, LLP



EXHIBIT "A"

Communications Corporation. Currently, it is Rock Sounds Communications Corporation's position that it has no obligation to Atlas Communications, Ltd. and indeed Atlas Communications, Ltd. owes funds to Rock Sound Communications Corporation. Accordingly, the bond should be a nominal one.

4.  Furthermore, Rock Sound Communications Corporation has paid everything that it has been billed for. The problem is that Atlas Communications, Ltd. has taken it upon itself, unilaterally, to apply these payments to the obligations of a predecessor company that did business with Atlas Communications, Ltd. and from which Rock Sound Communications Corporation bought the assets.

WHEREFORE, Rock Sound Communications Corporation respectfully requests that the temporary restraining order be entered with a nominal bond.

Respectfully submitted,

Ronald B. Ravikoff, Esquire
Florida Bar No. 0244155
John Arrastia, Jr., Esquire
Florida Bar No. 0072461
Alicia Shick, Esquire
Florida Bar No. 124842
Zuckerman, Spaeder, Taylor & Evans, LLP
201 South Biscayne Boulevard
Suite 900
Miami, Florida 33131
Telephone: (305) 579-0110
Facsimile: (305) 579-9749
Attorneys for Plaintiff Rock Sound

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6096-CIV-GOLD/SIMONTON

ROCK SOUND COMMUNICATIONS CORP.,

Plaintiff,

vs.

ATLAS COMMUNICATIONS, LTD.,

Defendant.
_____/



### ORDER GRANTING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

THIS CAUSE is before the court upon *Plaintiff's Emergency Motion for Temporary Restraining Order Without Notice*, filed on January 20, 2000. Plaintiff Rock Sound Communication Corp. ("Rock Sound") seeks to prevent the defendant, Atlas Communications, Ltd. ("Atlas"), from unilaterally terminating service it is providing Rock Sound. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332, based on the diverse citizenship of the parties, as well as Federal Rule of Civil Procedure 65(b).

To be entitled to a temporary restraining order, the movant must show the following factors: (1) a substantial likelihood of success on the merits; (2) a showing of irreparable injury; (3) the threatened injury outweighs the harm the temporary restraining order would inflict; and (4) the temporary restraining order would serve the public interest. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). Having carefully considered the plaintiff's emergency motion, the accompanying affidavits, the applicable law, and the record as a whole, the court makes the following findings:



Case No.: 00-6096-CIV-GOLD

1. Based on the affidavits and pleadings filed by Rock Sound, there is a substantial likelihood of success on the merits for Rock Sound's claims of unfair trade practices, breach of contract, and fraudulent inducement.

2. There is good cause to believe that there will be irreparable injury to the moving party if this emergency temporary restraining order is not granted. Based on the affidavit of Alan H. Lipkowitz and the accompanying documents, there is good cause to believe the company, Rock Sound, will be eliminated if service is cut off by Atlas.

3. There is good cause to believe the threatened injury outweighs the harm the temporary restraining order would inflict. The harm to the movant would be significant, but there does not appear to be significant harm to Atlas if it continues providing service.

4. There is good cause to believe the temporary restraining order would serve the public interest. Based on the affidavits and documents filed by the movant, over 1.3 million members of the general public who have purchased telephone cards provided by Rock Sound would lose service, 75 Rock Sound employees would lose jobs, and over 4,000 distributors would lose business opportunities.

5. There is good cause to believe that, unless restrained and enjoined by order of this court, defendant Atlas would immediately effectuate the termination of service to Rock Sound.

6. It is appropriate and the interests of justice require that this temporary restraining order be granted without notice to defendant Atlas as it appears that immediate and irreparable injury, loss,

-2-

Case No.: 00-6096-CIV-GOLD

or damage will result if notice is given.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that *Plaintiff's Emergency Motion for Temporary Restraining Order Without Notice* is GRANTED. This Temporary Restraining Order goes into effect upon the posting of a bond in the amount of $10,000. It is further

**ORDERED AND ADJUDGED** that defendant Atlas Communications, Ltd., and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, cutting off service to Rock Sound Communications Corporation or the account currently being billed to Rock Sound Communications Corporation under the name of U.S. Digital, Inc. It is further

**ORDERED AND ADJUDGED** that this Temporary Restraining Order shall expire at 5:00 p.m. on January 28, 2000, unless, for good cause shown, it is extended or unless the party against whom it is directed consents that it may be extended for a longer period. It is further

**ORDERED AND ADJUDGED** that a hearing on whether to grant a preliminary injunction shall be held at 4:00 p.m. on January 28, 2000 before the Honorable Alan S. Gold, United States District Judge for the Southern District of Florida, at 301 North Miami Avenue, Miami, Florida, 10th Floor.[1] Prior to the hearing, the parties shall present all direct testimony of witnesses by affidavit

---

[1] The court recognizes the short time frame allotted between the time the parties must conduct their discovery and file and/or supplement their submissions to the court for consideration and the date of the

Case No.: 00-6096-CIV-GOLD

or sworn statement. These affidavits or sworn statements shall be filed with the court prior to 12:30 p.m., January 27, 2000. Examination of witnesses at the hearing shall be limited to cross examination of the witness testimony submitted by affidavit or sworn statement, giving the opposing party the opportunity for brief, focused re-direct examination, if warranted. Opening statements shall be presented in writing and must be filed with the court by 9:30 a.m. on January 28, 2000. Each counsel shall also file, by 5:00 p.m. on January 25, 2000, a comprehensive memorandum of law setting forth the legal and factual considerations regarding the appropriate amount of bond, notwithstanding the amount of bond currently set, to be posted by the plaintiff in the event that the court grants the relief plaintiff is seeking. Counsel's memoranda shall include citations to, and discussions of, the relevant case law. All additional briefs, points and authorities, findings of fact, conclusions of law, or other submissions which the parties believe the court should consider regarding the issuance of an order on plaintiff's request for preliminary injunction and other relief shall be filed with the court and delivered to the offices of opposing party and/or their attorneys no later than 5:00 p.m. on January 25, 2000. It is further

**ORDERED AND ADJUDGED** that this Order is entered to maintain the status quo and is without prejudice as to the merits, claims, or defenses which have been or may be asserted in future litigation.

---

hearing. However, the court is compelled to follow this scheduling scheme pursuant to the time limitations placed upon it by Rule 65(b) of the Federal Rules of Civil Procedure. Upon agreement of the parties, the court shall grant a continuance of the hearing, provided the relief afforded by the Temporary Restraining Order remains in effect until the time of the hearing.

Case No.: 00-6096-CIV-GOLD

DONE and ORDERED in Chambers at Miami, Florida, this 21 day of January, 2000. at 10:45 AM

_____
ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

copies furnished:

U.S. Magistrate Judge Andrea M. Simonton

Ronald B. Ravikoff, Esq.
Attorney for Plaintiff
Zuckerman, Spaeder, Taylor & Evans LLP
201 South Biscayne Boulevard, Ste. 900
Miami, FL 33131
Phone: (305) 579-0110
FAX: (305) 579-9749
**(with directions for immediate service of defendant)**



Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 1-31-