JAN 2 6 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 00-6096-CIV-GOLD/SIMONTON

ROCK SOUND COMMUNICATIONS :
CORPORATION, :
 :
  Plaintiff, :
 :
 v. :
 :
 :
ATLAS COMMUNICATIONS, LTD., :
 :
  Defendant. :
_____:

## DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING INCREASE OF TRO BOND *NUNC PRO TUNC*

Defendant, Atlas Communications, Ltd. ("Atlas"), by and through its undersigned attorneys, and pursuant to this Court's Order dated January 25, 2000, submits this Supplemental Brief regarding the Court's authority to increase the TRO bond *nunc pro tunc*, and states:

## I. INTRODUCTION

The only restriction on a court's ability to enter an order *nunc pro tunc* is that the facts warranting the entry of the order must have existed at the time the original order was entered. See Dong Sik Kwon v. Immigartion and Naturalization Service, 646 F.2d 909, 919 (5th Cir. 1981) (Fay, concurring in part). If that condition is met, a court is free to enter *nunc pro tunc* orders as an equitable remedy "in order to 'promote fairness to the

parties' and 'as justice may require'." <u>Ethyl Corp. v. Browner</u>, 67 F.3d 941, 945 (D.C.Cir. 1995), <u>citing</u> <u>Weil v. Markowitz</u>, 898 F.2d 198, 200 (D.C.Cir. 1990) (<u>quoting</u> <u>Mitchell v. Overman</u>, 103 U.S. 62, 65, 26 L.Ed. 369 (1881).

While there appear to be no reported cases dealing with the exact issue of whether a Court may increase the amount of a bond *nunc pro tunc*, there is no reason why the general rule set forth above should not apply. Indeed, courts have uniformly entered *nunc pro tunc* orders related to injunction bonds where such would achieve some equitable goal. <u>See</u> e.g. <u>Rainbow Pioneer v. Hawaii-Nevada investment Corp.</u>, 711 F.2d 902, 904 (9th Cir. 1983) (order setting aside bond requirement *nunc pro tunc*); <u>U.S. Fid. & Guar. Co. v. George Process</u>, 175 F.2d 844, 845 (5th Cir. 1949) (order providing for the filing of a bond *nunc pro tunc*); <u>Jarvis v. Technical Land, Inc.</u>, 172 B.R. 429, 431 (Bankr. D.C.Cir. 1994) (order accepting bond *nunc pro tunc*).

In the present case, the entry of a *nunc pro tunc* order is not only justified based upon facts existing at the time of the original TRO hearing, but also necessary to do justice and promote fairness to Atlas.

## II    FACTS SUPPORTING INCREASED BOND

In support of its *Motion for Temporary Restraining Order*, wherein Rock Sound Communications Corp. ("Rock Sound") requested that the Court enter a one-week injunction, Rock Sound filed its *Memorandum Regarding Appropriate Level of Bond*, wherein Rock Sound acknowledged that Atlas' invoice for one week's worth of services

2

billed to Rock Sound was $673,000.00. See *Memorandum Regarding Appropriate Level of Bond*, ¶2. Accordingly, at the time of the initial hearing, the potential damage which Rock Sound acknowledged Atlas might suffer as a result of the injunction was at least $673,000.00.

Additionally, at the hearing held on January 25, 2000, the Court relied upon the affidavits submitted by Atlas in forming the opinion that a bond in the amount of "$770,000 is necessary to adequately secure indemnification for costs and damages that may accrue to Atlas." See *Order Vacating Temporary Restraining Order*, p.2. The facts set forth in the affidavits as to the amount of loss which Atlas has suffered and might suffer, were true on the day of the original TRO hearing, just as they are true today.

Because the facts supporting an increased bond were in existence at the time the original bond was set, an order increasing the bond *nunc pro tunc* is appropriate. See Dong Sik Kwon, 646 F.2d at 919.

## III    THE ENTRY OF AN ORDER INCREASING THE BOND *NUNC PRO TUNC* IS NECESSARY TO PROMOTE FAIRNESS AND JUSTICE

Under the circumstances of this case, the only action which this Court can take to adequately protect Atlas against the wrongful issuance of the TRO, as contemplated by Rule 65(c), Federal Rules of Civil Procedure, is to increase the bond to an amount sufficient to cover the "costs and damages as may be incurred or suffered by [Atlas]." See Fed.R.Civ.P. 65(c). The bond, which this Court has already found was woefully

3

insufficient from the outset, may be the only source which Atlas may look to for reimbursement of its damages related to the granting of the TRO. See ABA Dist., Inc. v. Adolph Coors Co., 505 F.Supp 831, 837 (W.D.Mo. 1981), citing Int'l L. Garment Work. Un. v. Donnelly G. Co., 147 F.2d 246 (8th Cir. 1945). Accordingly, it is particularly appropriate to increase the bond amount *nunc pro tunc* so that Atlas may have at least a hypothetical source of recovery.[1]

As additional equitable grounds, it should be remembered that Rock Sound gained the issuance of this TRO by way of an ex-parte hearing, giving Atlas no chance to be heard as to the amount of the bond. The $10,000 bond was apparently arrived at by relying on the unilateral representations of Rock Sound. Had Atlas been present to tell its side of the story, as it did on January 25, 2000, then this Court would likely have ruled that a bond in the amount of at least $770,000 was required, as it did on January 25, 2000. Atlas should not be prejudiced by its involuntary absence from the January 21, hearing.

## IV    CONCLUSION

As the above cited cases indicate, courts clearly have the equitable power to enter orders on a *nunc pro tunc* basis in order to promote fairness to the parties or as justice may require. In this case, equity demands such a result.

---

[1] Obviously, since the TRO has already been dismissed, Rock Sound will not actually post the increased bond. However, if the bond is increased, at least on paper, then Atlas will arguably be entitled to recover against the assets of Rock Sound up to the amount of the bond.

4

WHEREFORE, for all the foregoing reasons, Defendant, Atlas Communications, Ltd., respectfully requests this Court enter an Order *nunc pro tunc* to January 21, 2000 increasing the bond amount and granting such other relief as is just and proper.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY, LLP

By: _____

HOWARD M. CAMERIK
Fl. Bar No. 703435
STEVEN A. LESSNE
Fl. Bar No. 0107514
1200 North Federal Highway, Suite 417
Boca Raton, FL 33432
Telephone: (561) 417-8100
Facsimile: (561) 417-8101
Email:Camerik@Blankrome.com
            Lessne@Blankrome.com

Of Counsel:
Jerome R. Richter
Anthony Vidovich
Blank Rome Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (561) 569-5694

Attorneys for Atlas Communications, Ltd.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Supplemental Brief has been furnished by facsimile and U.S. Mail this 26th day of January, 2000 to: Ronald B. Ravikoff, Esq., Zuckerman, Spaeder, Taylor & Evans LLP, 201 South Biscayne Blvd., Suite 900, Miami, Florida 33131.

_____