# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 00-6096-CIV-GOLD/SIMONTON

**ROCK SOUND COMMUNICATIONS CORP.,**

       **Plaintiff,**

vs.

**ATLAS COMMUNICATIONS, LTD.,**

       **Defendant.**

_____/



FILED by _____ D.C.

FEB 0 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

### ORDER

THIS CAUSE is before the court *sua sponte*. A number of issues in this case remain unresolved. On January 21, 2000, the court issued an *Order Granting Emergency Motion for Temporary Restraining Order* [D.E. 7], which restrained and enjoined Atlas Communications, Ltd. ("Atlas") from cutting off service to Rock Sound Communications Corporation ("Rock Sound") or the account currently being billed to Rock Sound under the name of U.S. Digitel, Inc. The Temporary Restraining Order went into effect upon the posting of a $10,000 bond. Following a hearing on January 25, 2000, the court entered an Order Vacating Temporary Restraining Order [D.E. 18], which requested that the parties submit supplemental briefs regarding the court's authority to increase the amount of the bond at issue *nunc pro tunc*. In addition, immediately prior to the January 25, 2000 hearing, plaintiff Rock Sound filed a Suggestion of Bankruptcy [D.E. 14], in which it indicated that a stay of this case was appropriate pursuant to 11 U.S.C. § 362.

Having reviewed the parties' briefs, the applicable case law, and the record as a whole, and



being otherwise advised on the premises, the court finds that it does not have the power to increase

the amount of the injunction bond *nunc pro tunc*, but that a stay of this action is inappropriate.

## I. Increasing the TRO bond *nunc pro tunc*

Rule 65(c) of the Federal Rules of Civil Procedure requires that every restraining order or

preliminary injunction be accompanied by security sufficient to pay the potential costs and damages

that may be incurred or suffered by "any party who is found to have been wrongfully enjoined or

restrained." Fed. R. Civ. P. 65(c). In the Temporary Restraining Order entered by the court on

January 21, 2000 [D.E. 7], the court found that, based on the affidavits and evidence before the court,

a bond of $10,000 would serve as adequate security to protect the interests of the defendant. In light

of evidence submitted by the defendant and the representations made to the court at the January 25,

2000 hearing, the court found that a more appropriate bond amount to adequately secure

indemnification of the defendant's interests was at least $770,000 [D.E. 18].

However, the court does not have the authority to increase the bond amount *nunc pro tunc*

to the date the TRO was entered. Generally, *nunc pro tunc* orders are used to correct errors in the

recordation of a judgment already entered and to protect parties from a court's delay in entering

judgment during which one party has died. See Middleton v. Dan River, Inc., 617 F.Supp. 1206,

1222 (M.D. Ala. 1985), *reversed in part on other grounds* 834 F.2d 903 (11th Cir. 1987). "The

failure of a court to act, or its incorrect action, can never authorize a nunc pro tunc entry. If a court

does not render judgment, or renders one which is imperfect or improper, it has no power to remedy

any of these errors or omissions by treating them as clerical misprisions." Recile v. Ward, 496 F.2d

675, 680 (5th Cir.1974); see also  Crosby v. Mills, 413 F.2d 1273, 1277 (10th Cir. 1969) ("An order may be entered nunc pro tunc to make the record speak the truth but it cannot supply an order which in fact was not previously made."). Even if the court set the initial TRO bond insufficiently low, it does not have the power or authority to increase the bond amount *nunc pro tunc*.

## II. Stay of the proceedings

The plaintiff's Suggestion of Bankruptcy requests that a stay be placed on all further proceedings pursuant to 11 U.S.C. § 362. The court recognizes that, where the automatic stay applies, only the bankruptcy court may grant relief from its terms. See 11 U.S.C. § 362(d); Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 62 (6th Cir. 1983). However, "the court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay." Rogers v. Overstreet (In re Rogers), 164 B.R. 382, 391 (Bankr. N.D. Ga. 1994).

On its face, § 362 does not apply to this case. "Despite the broad scope of the automatic stay, it does not serve to stay all proceedings involving the debtor." In re Montana, 185 B.R. 650, 652 (Bankr. S.D. Fla. 1995). This proceeding was brought by the debtor, Rock Sound, for injunctive relief and declaratory judgment, alleging fraudulent inducement, breach of contract, and violations of the Florida Deceptive and Unfair Trade Practices Act. Section 362 specifically stays (1) proceedings against the debtor or to recover a claim against the debtor, (2) enforcement against the debtor of a judgment, (3) any act to obtain possession or control of property of the estate, (4) enforcement of a lien against property of the estate, (5) enforcement of a lien against property of the

debtor, (6) collection of a prior claim against the debtor, (7) setoff of debt owing to the debtor, and

(8) commencement or continuation of a proceeding before the U.S. Tax Court. 11 U.S.C. § 362(a).

Actions brought by the debtor as plaintiff are not included in these provisions.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Appropriate Level of Bond [D.E.

3] and Defendant's Emergency Motion Requesting Increase of TRO Bond, and to Dismiss for Lack

of Jurisdiction [D.E. 5] are DENIED AS MOOT. It is further

**ORDERED AND ADJUDGED** that, absent an order staying this particular proceeding from

the bankruptcy court, plaintiff must proceed to prosecute this action in accordance with the

requirements of Local Rule 16.1 of the Local Rules of the U.S. District Court for the Southern

District of Florida.

DONE and ORDERED in Chambers at Miami, Florida, this 4 day of January, 2000.

ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

copies furnished:

U.S. Magistrate Judge Andrea M. Simonton

Ronald B. Ravikoff, Esq.
Attorney for Plaintiff
Zuckerman, Spaeder, Taylor & Evans LLP
201 South Biscayne Boulevard, Ste. 900
Miami, FL 33131

-4-

Howard M. Camerik, Esq.
Steven A. Lessne, Esq.
Blank Rome Comisky & McCauley, LLP
1200 N. Federal Hwy., Ste. 417
Boca Raton, FL 33432