IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6096-CIV-GOLD/Simonton

FILED by ___ D.C.
INTAKE
MAR 0 7 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

ROCK SOUND COMMUNICATIONS
CORPORATION,

   Plaintiff,

v.

ATLAS COMMUNICATIONS, LTD.,

   Defendant.

_____

### DEFENDANT'S: (i) RESPONSE TO PLAINTIFF'S MOTION AND NOTICE FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE; (ii) APPLICATION PURSUANT TO RULE 7.1.B FOR HEARING ON THE ISSUE OF TRO BOND AND DAMAGES TO ATLAS; AND (iii) INCORPORATED MEMORANDUM OF LAW

By way of Response to the Motion and Notice of Plaintiff Rock Sound Communication Corporation ("RSC") for Voluntary Dismissal Without Prejudice, and pursuant to Local Rule 7.1.B, Defendant Atlas Communications, Ltd. ("Atlas") states as follows:

1. RSC commenced this action on January 20, 2000, wrongfully obtaining an ex parte temporary restraining order ("TRO") from the Court on January 21, 2000.

2. Based on the misrepresentations and omissions of fact by RSC to the Court, the Court, without being furnished with accurate information regarding the true harm which would befall Atlas from the entry of the TRO, set a $10,000 TRO bond.

3. After obtaining an emergency hearing before the Court on January 25, 2000, the undersigned attorneys were successful in persuading the Court to vacate the TRO and to revisit the issue of an appropriate bond to compensate Atlas for the damages caused by the TRO wrongfully obtained by RSC.

4. Subsequently, on February 7, 2000, the Court determined that it lacked the authority to increase the TRO bond nunc pro tunc.

5. Also on February 7, 2000, the Court further ordered that this case proceed in accordance with the provisions of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.

6. In compliance with these rules, Atlas sought to take the deposition of one of the managing agents of RSC, Mr. Henry D. Ritter, for the purpose of preparing a sufficient defense to the allegations of the Complaint.

7. Mr. Ritter refused to produce himself for deposition pursuant to a Notice of Deposition served on February 9, 2000.

8. Accordingly, Atlas served Mr. Ritter with a Subpoena requiring his attendance at a deposition noticed for February 24, 2000.

9. Due to Mr. Ritter's unavailability, Atlas agreed to reschedule Mr. Ritter's deposition, provided that Atlas obtained the information it needed to defend this action in an informal manner acceptable to both counsel of record for RSC and counsel for the U.S. Trustee.

10. Claiming unavailability on February 25, 2000, Mr. Ritter failed to provide Atlas with the previously agreed upon opportunity to obtain the requested information.

11. Consequently, and in the alternative, Atlas agreed to proceed with the deposition of Mr. Ritter on March 3, 2000.

12. To accommodate counsel for the U.S. Trustee, Atlas agreed to once again reschedule Mr. Ritter's deposition for March 10, 2000.

13. Because Atlas was unable to obtain the needed information from Mr. Ritter to adequately defend this matter, and because of the Trustee's stated intention to remove this matter to the Bankruptcy Court, Atlas requested additional time within which to answer or otherwise defend in this matter.

14. With full knowledge of Atlas' intention to answer or otherwise defend this matter, on March 2, 2000, counsel for the U.S. Trustee filed the instant Rule 41(a)(1) Notice and Motion of Dismissal Without Prejudice, subjecting Atlas to the uncertainty and additional expense of possibly having to defend RSC's frivolous claims in the future.

15. In its Notice and Motion, RSC requests that this Court retain jurisdiction over this matter for determination and disposition of the TRO bond. See Plaintiff's Notice, ¶ 6.

16. Atlas similarly requests that the Court retain jurisdiction for this purpose, and further requests that the Court refrain from acting upon RSC's motion and that the Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 7.1.B,

schedule a prompt hearing to determine the full extent of damages to Atlas as a result of the wrongfully obtained TRO by RSC.

17. Atlas further requests that the Court permit Atlas to pursue discovery in this matter with regard to its entitlement to the proceeds of the TRO bond. As the deposition of Mr. Ritter is currently scheduled for March 10, 2000, such discovery will cause RSC and Mr. Ritter no additional hardship or burden. The deposition testimony of Mr. Ritter, coupled with affidavits from representatives of Atlas, will permit Atlas to demonstrate its entitlement to the proceeds of the TRO bond without the need for live testimony at the requested hearing.

## MEMORANDUM OF LAW

Rule 65(c) of the Federal Rules of Civil Procedure provides, in relevant part:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, <u>for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained</u>.

<u>See</u> Fed. R. Civ. P. 65(c) (emphasis supplied). Where a party subject to a temporary restraining order furnishes another party with valuable goods, services or other property, the party receiving the same is liable to the restrained party in restitution in the event that the temporary restraining order is vacated as wrongfully entered or obtained. <u>See</u> 13 Moore's Federal Practice § 65.53 (3d ed. 1999); <u>see also</u> <u>Alabama ex rel. Siegelman v. EPA</u>, 925 F.2d 385, 390-392 (11th Cir. 1991) (court had jurisdiction over determination of

damages attributable to entry of wrongful injunction even when underlying suit was dismissed for lack of subject matter jurisdiction, and court was obliged to award damages to wrongfully enjoined party unless good reasons existed to deny such award).

Between January 21-25, 2000, Atlas sustained damages well in excess of the TRO bond amount of $10,000, by providing telecommunications services to Plaintiff Rock Sound Communications Corporation ("RSC"). Although Atlas may be limited in its recovery of damages by the total amount of the bond, see Moore's § 65.53, Atlas is entitled to an evidentiary hearing to demonstrate that its damages exceed $10,000, that Atlas is entitled to execute against the TRO bond up to its full value, and to fix the full amount of damage caused to Atlas by the wrongfully obtained TRO for the purpose of quantifying the amount of restitution due from RSC. See Fed. R. Civ. P. 65(c).

Currently, the deposition of Mr. Henry D. Ritter, Executive Vice President of RSC, is scheduled for Friday, March 10, 2000. Atlas submits that all of the discovery necessary for Atlas in aid of the requested hearing can be achieved through Mr. Ritter's deposition. Because Mr. Ritter, by force of a Subpoena properly served, was and is compelled to produce himself to be deposed on March 10, 2000, permitting Atlas to obtain the requested discovery will not cause RSC or Mr. Ritter any additional hardship or burden. In addition, with the deposition testimony of Mr. Ritter, and affidavits provided by representatives of Atlas, Defendant will be able to demonstrate its damages and entitlement to the proceeds of the TRO bond without the need for live testimony at

the requested hearing.

Accordingly, Atlas respectfully requests that the Court grant its application for a hearing, retain jurisdiction over the TRO bond issue, and refrain from acting upon Plaintiff's Rule 41 motion until resolution of the bond issue at the requested hearing. Atlas further requests that the Court enter an order in the form submitted herewith.

WHEREFORE, Atlas respectfully requests that the Court grant its application for a hearing, retain jurisdiction over the TRO bond issue, enter an Order in the form attached hereto, refrain from acting upon Plaintiff's Rule 41 motion until resolution of the bond issue at the requested hearing, and grant such other relief as is just and proper.

Respectfully submitted,

BLANK ROME COMISKY &McCAULEY LLP

By: _____
HOWARD M. CAMERIK
Fl. Bar No. 703435
STEVEN A. LESSNE
Fl. Bar No. 0107514
1200 North Federal Highway, Suite 417
Boca Raton, FL 33432
Telephone: (561) 417-8100
Facsimile: (561) 417-8101
Email:Camerik@Blankrome.com
        Lessne@Blankrome.com

Jerome R. Richter
Anthony Vidovich
Blank Rome Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5694

Attorneys for Atlas Communications Ltd.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was served upon Ronald B. Ravikoff, Esq., Zuckerman, Spaeder, Taylor & Evans, LLP, 201 South Biscayne Blvd., Suite 900, Miami, Florida 33131, and upon Reggie D. Sanger, Esquire, 208 S.E. 9th Street, Fort Lauderdale, FL 33316, by facsimile and first class mail, postage prepaid, this 6th day of March, 2000.