UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6096-CIV-GOLD/SIMONTON

ROCK SOUND COMMUNICATIONS
CORPORATION,

      Plaintiff,

v.

ATLAS COMMUNICATIONS, LTD.,

      Defendant.

_____/

FILED by _____ D.C.

APR 1 1 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## ORDER SETTING BRIEFING SCHEDULE RE:  DEFENDANT'S APPLICATION FOR HEARING (DE #31)

This matter arose upon Defendant's Application Pursuant to Rule 7.1.B For Hearing on the Issue of TRO Bond and Damages to Atlas (DE #31).  The Honorable Alan S. Gold, United States District Judge, has referred this matter to the undersigned United States Magistrate Judge to conduct a hearing and issue a Report and Recommendation (DE #32).  Plaintiff has not responded and the last day to serve a response was March 20, 2000.

In this motion, Defendant seeks a hearing on the amount of damages it suffered during the pendency of the TRO, and asks the District Court to retain jurisdiction over the TRO bond issue, and to refrain from acting upon Plaintiff's Rule 41 motion until resolution of the bond issue at the requested hearing.

Arguably, this Court could enter an Order setting a hearing, as Defendant requests.  However, the Court always has an obligation to examine its jurisdiction

35-A

over the subject matter.  Based upon a review of the record in this case, the undersigned Magistrate Judge has questions concerning the jurisdiction of the District Court over the TRO bond issue, and the Court's jurisdiction to refrain from acting upon Plaintiff's Rule 41 motion until resolution of the bond hearing.

On January 25, 2000, Plaintiff filed a suggestion of bankruptcy, giving notice that it filed a Chapter 11 petition for bankruptcy on the same day (DE #14).[1] On March 2, 2000, the counsel for the Trustee of Plaintiff's bankruptcy estate entered his appearance (DE #28).  Also on March 2, the Trustee of Plaintiff's bankruptcy estate filed with the District Court a notice of dismissal pursuant to Fed. R. Civ. P. Rule 41 (a)(1), and requested that the District Court retain jurisdiction for determination of the disposition of the bond (DE #30).

There are two issues regarding jurisdiction.  Plaintiff has filed for bankruptcy.  Does the District Court retain jurisdiction over the TRO bond, or does the Bankruptcy Court have sole jurisdiction over the bond?  Also, Plaintiff's notice of dismissal pursuant to Rule 41(a)(1) immediately dismissed the instant action without any further action necessary from the District Court.  See Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990); Carter v. United States, 547 F.2d 258, 258-59 (5th Cir. 1977); Williams v. Ezell, 531 F.2d 1261, 1263-64 (5th Cir. 1976).  Given that fact, does this Court have jurisdiction to hold a hearing on the amount of damages suffered by Defendant during the pendency of the TRO?

---

[1] On February 9, 2000, the bankruptcy filing was converted into a Chapter 7 liquidation (DE #30).

2

Since these matters have not been addressed by either party, the undersigned Magistrate Judge has determined that it is appropriate, prior to scheduling a hearing, to permit the parties to file legal memoranda which address these issues concerning jurisdiction. Therefore, it is hereby

**ORDERED** that the parties shall have until 5:00 p.m. on Monday, April 24, 2000, to file a Memorandum of Law on Jurisdiction.

**DONE AND ORDERED** in Miami, Florida, on this _11th_ day of April, 2000.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
The Honorable Alan S. Gold
    United States District Judge
Reggie D. Sanger, Esq.
    208 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    (Counsel for Plaintiff)
Howard M. Camerik, Esq.
    Blank Rome Comisky
    & McCauley LLP
    1200 North Federal Highway, Suite 417
    Boca Raton, Florida 33432
    (Counsel for Defendant)

3